UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHARICA R. CLARK,

    Plaintiff,

    v.                                        CAUSE NO. 3:23-CV-35-JD-JEM

FULTON COUNTY, et al.,

    Defendants.

OPINION AND ORDER

Sharica R. Clark, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 20.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Ms. Clark is proceeding without counsel, the court must give her allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

This is Ms. Clark's fourth attempt to state her claims. Her case-initiating pleading was stricken because it was not on the court's approved prisoner complaint form, did not track the form, and was not a complete document. (ECF 2.) She was granted leave to

file an amended complaint on the right form. (*Id.*) She did so, but then sent the court additional documents in which she appeared to be trying to add allegations to her complaint. (ECF 11.) She was told that she could not amend her complaint in this piecemeal fashion, but the court gave her another opportunity to file an amended complaint that included all the claims she intended to raise in this lawsuit. (*Id.*) She responded by filing what appeared to be a portion of a complaint. (ECF 13.) This document was also stricken, and she was granted one final opportunity to submit an amended complaint that was a complete document. (ECF 15.) She responded with the present filing.[1] (ECF 20.)

Her amended complaint raises sprawling allegations against police officers in three different counties stemming from interactions she had with them during the course of several years. She first claims that two officers from the Rochester Police Department wrongfully arrested her, planted drugs on her, and wrongfully seized her vehicle in 2019. She also claims that a different officer with the Rochester Police Department wrongfully arrested her "on 4 separate occasions" in 2019, pulled a gun on her, and refused to help her when she was looking for her children, who were allegedly kidnapped. She also claims that police officers from the Goshen Police Department "racially profiled" her on two occasions in 2021 and 2022, and during one of the incidents an emergency medical technician (EMT) refused to provide her with medical

---

[1] In the interim, she filed an amended complaint that was unsigned, which violates Federal Rule of Civil Procedure 11(a). However, prior to the deadline, she submitted this amended complaint, which is properly signed.

2

help. She additionally claims that Nappanee City Police officers violated her rights in an unspecified way in 2019. Finally, she claims that Todd Swanson, the owner of an auto sales shop, wrongfully sold her truck for parts and committed "fraud" against her.

Unrelated claims against different defendants belong in different lawsuits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As the Seventh Circuit has explained:

> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner. . . . M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.

*Id.*; *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017) (observing that prisoner-plaintiff's "scattershot strategy" of filing an "an omnibus complaint against unrelated defendants . . . is unacceptable"). The court must take particular care to ensure that prisoners are not permitted to lump unrelated claims against unrelated defendants together in one lawsuit so as to avoid the provisions of the Prison Litigation Reform Act (PLRA), including payment of applicable filing fees. *See Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021).

It is apparent that Ms. Clark's complaint violates this rule and raises unrelated claims against unrelated defendants. When a plaintiff files a complaint with unrelated claims, the court's preferred course of action is to allow him or her to decide which related claims to pursue in the present case, as well as to decide whether to bring the other claims in separate suits. *See Owens*, 878 F.3d at 566; *see also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (district court may direct a plaintiff

3

"to file separate complaints, each confined to one group of injuries and defendants."). Here, however, Ms. Clark has already been given multiple opportunities to plead her claims. In light of the number of amendments that have already been made, and the fact that Ms. Clark appears to have difficulty following the court's instructions, the court will proceed to screen the first set of related claims. The court considers the claims against Rochester Police Officers Alainie Sroufe and Brandon Wood, their employer the Rochester Police Department, and the auto sales shop owner sufficiently related to proceed in the same lawsuit. The remaining claims will be dismissed without prejudice. She may pursue them in separate lawsuits if she chooses, subject to the constraints of the PRLA.

Ms. Clark alleges that in 2019,[2] Officers Sroufe and Wood wrongfully stopped the vehicle she was driving, searched her and her vehicle without any justification, falsely arrested her, and wrongfully seized her truck. She claims the officers "planted" methamphetamine on her and that Officer Sroufe "manipulated her body cam" to inculpate Ms. Clark. She seeks $1 million in damages and other relief.

Suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury.

---

[2] Ms. Clark describes multiple incidents involving Rochester police and lists the relevant dates as May 25, 2019; June 4, 2019; June 27, 2019; August 8, 2019; and September 3, 2019. (ECF 20 at 3.) She does not link these dates to any specific incident, but it is evident from her allegations that the incident with Officers Sroufe and Wood occurred sometime between May 2019 and September 2019.

*O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). The statute of limitations for a claim that a search or seizure violated the Fourth Amendment accrues at the time of the incident. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). It is evident from Ms. Clark's allegations that the traffic stop, search, and seizure of her vehicle occurred in 2019. She did not file her original complaint until January 18, 2023.[3] (ECF 1.) This was well over two years after the incident with Officers Sroufe and Wood. Although untimeliness is an affirmative defense, dismissal at the pleading stage is permitted when it is evident from the complaint that the claims are untimely. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). That standard is satisfied here.

The statute of limitations for a claim of false arrest begins to run upon initiation of legal process. *Savory v. Cannon*, 947 F.3d 409, 413 (7th Cir. 2020) (en banc). It can be discerned from public records that as a result of this incident, Ms. Clark was charged with possession of methamphetamine in Fulton County.[4] *See State v. Clark*, 25D01-1906-F6-000351 (Fulton Sup. Ct. closed Feb. 10, 2020). The docket in that case reflects that she appeared before a judicial officer for an initial hearing on June 4, 2019. *Id.* (docket entry June 4, 2019). She had two years from that date to file a false arrest claim, but again, she waited until 2023 to file the present lawsuit. This claim is also untimely.

---

[3] Under the prison mailbox rule, the relevant filing date would be the date Ms. Clark signed and tendered the complaint to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266 (1988). However, Ms. Clark did not date her original complaint. (ECF 1.) Additionally, the postmark on the envelop in which she mailed the complaint is not legible. (ECF 1-1.) The court has thus accepted the filing date as January 18, 2023, which is the date it was received by the clerk. But even if the court were to presume she tendered the complaint to prison officials for mailing a few days earlier, it would not save the complaint from being untimely.

[4] The court is permitted to take judicial notice of public court documents at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

She also appears to be asserting a malicious prosecution claim against the officers for allegedly planting drugs on her and manipulating camera evidence to make her appear guilty. A claim for malicious prosecution would not accrue until the criminal proceeding was terminated in her favor. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Savory*, 947 F.3d at 417. The public docket reflects that the methamphetamine possession charge was dismissed without prejudice at the request of the prosecution on February 10, 2020. *Clark*, 25D01-1906-F6-000351 (docket entry Feb. 10, 2020). This counts as a favorable termination for purposes of *Heck. See Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022) ("To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction."). The dismissal started the two-year clock running, giving her until February 2022 to file a timely malicious prosecution claim. She did not file within that period, and instead waited almost another year (until January 2023) to initiate this lawsuit. Therefore, the malicious prosecution claim is also untimely.

Ms. Clark also sues the officers' employer, the Rochester Police Department, but her claim cannot proceed because this municipal police department is not a suable entity for purposes of § 1983. *See McMillian v. Monroe County*, 520 U.S. 781, 786 (1997) (local government liability under § 1983 is dependent upon state law); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued.").

That leaves her claim against Mr. Swanson, the owner of the auto sales shop. As best as can be discerned, Ms. Clark's vehicle ended up at the shop after she did not claim it from the police within a certain amount of time. She claims that Mr. Swanson wrongfully sold her vehicle for parts and also committed some type of fraud against her, apparently using personal documents that were in her vehicle. It is evident from her allegations that Mr. Swanson is a private citizen, and as such he cannot be sued for constitutional violations under 42 U.S.C. § 1983. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 829 (7th Cir. 2009); *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). To the extent she is trying to initiate criminal charges against Mr. Swanson for "identity fraud," she has no authority to do so. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Therefore, Ms. Clark has not stated a claim upon which relief can be granted. Although she has already had multiple opportunities to amend her pleadings, this is the first time the court has raised the untimeliness problem and other deficiencies outlined in this order. In fairness, the court will allow her one final opportunity to file an amended complaint if, after reviewing the court's order, she believes she can state a plausible claim against Officer Sroufe, Officer Wood, the Rochester Police Department, or Mr. Swanson consistent with the allegations she has already made against these defendants under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013). If she files an amended complaint, she should not include any of the claims against the other defendants, which are being dismissed as unrelated and must be pursued in other lawsuits.

For these reasons, the court:

(1) DISMISSES as unrelated the plaintiff's claims against Mike Marrs, Nappanee City Police, Goshen City Police, Dereck Halterman, Arresting Officer Ending in #1126, EMT, and the Fulton County Sheriff's Department without prejudice to their being asserted in separate lawsuits;

(2) GRANTS the plaintiff until **June 20, 2023**, to file an amended complaint as outlined in this opinion; and

(3) CAUTIONS her that if she does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A because the current complaint does not state a plausible claim upon which relief can be granted.

SO ORDERED on May 23, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT